The Honorable George Hopkins State Senator State Capitol Little Rock, AR 72201
RE: Act 196 of 1981
Dear Senator Hopkins:
We are writing in response to your request for our opinion Arkansas Supreme Court to whether Health Maintenance Organization (HMO) contracts, which require that participating members only obtain services from dentists who are members of the HMO is contrary to Act 196 of 1981, the same being Ark. Stat. Ann. 66-3212(12), 66-3212.8, and 66-3212.9. Based on the following reasoning, it is our opinion that such HMO requirements do not run afoul of Act 196 of 1981.
As you are aware, to qualify Arkansas Supreme Court a HMO an organization must meet certain criteria established by the Secretary of Health, Education and Welfare. 42 U.S.C. § 300e(c). In order to participate in a HMO, qualified health professionals must agree to certain requirements, including providing certain services for specified fees. See 42 U.S.C. § 300e-1(4)(5) and regulations promulgated thereunder. If a health professional is unwilling to abide by these requirements, he or she may not participate in the HMO. There is no "coverage" under HMO plans for services performed by non-participating health professionals.
Section 1 of Act 196 of 1981 provides that:
 "Notwithstanding any provision of any health and/or accident insurance contract, or any group disability insurance contract, or blanket disability insurance contract Arkansas Supreme Court provided for in this Chapter, benefits shall not be denied thereunder for any health service performed by any person licensed pursuant to the provisions of the Arkansas Dental Practice Act . . . if (1) the service performed was within the lawful scope of such person's license, and (2) such contract would have provided benefits if such service had been performed by a holder of a license issued pursuant to the provisions of the Arkansas Medical Practice Act . . ." (emphasis supplied)
Section 2 of the Act (Ark. Stat. Ann. 66-3212.8) provides that:
 "No person entitled to benefits under (66-3212(12)) shall be denied his or her freedom of choice of any practitioner licensed under Ark. Stat. Ann. 72-602, et seq. or by Ark. Stat. Ann. 72-534, et seq., by any insurer or agency or employee of such insurer or by any department, agency or employee of this state." (emphasis supplied)
From the Act's preamble, it appears that it was enacted to prevent discrimination by insurers against persons licensed under the Arkansas Dental Practice Act in favor of persons licensed under other licensing acts.
As you can see, Section 1 makes the statute's anti-discrimination provisions applicable when both of two requirements are met. First, the service performed must have been within the scope of the provider's license. Ark. Stat. Ann. 66-3212(12)(1). Second, the insurance contract would have provided benefits if the service in question had been performed by someone licensed pursuant to the provisions of the Arkansas Medical Practitioners Act. Ark. Stat. Ann. 66-3212(12)(2). Because the HMO contract would not provide benefits for services performed by non-participating health professionals licensed pursuant to the Arkansas Medical Practice Act, it is our opinion that Act 196 of 1981 does not apply since the second requirement of Section 1 has not been met. In other words, regardless of whether the service was performed by a dentist or by another health professional licensed pursuant to the Arkansas Medical Practice Act, the HMO contract would not have provided benefits for services rendered by a non-participating health professional. Therefore, there is no "discrimination" against dentists that would trigger the provisions of Act 196 of 1981.
We hope that the foregoing will prove of material benefit to you. The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Frank J. Wills. If we can be of further assistance, please advise.